J-S57039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JERZY WIRTH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOHN R. SEITZ, III AND SEITZ TECHNICAL PRODUCTS, INC., PC | |
| Appellees | No. 853 EDA 2015 |

Appeal from the Order entered March 3, 2015
In the Court of Common Pleas of Chester County
Civil Division at No: 14-10947

BEFORE:  MUNDY, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:　　　　　**FILED DECEMBER 21, 2015**

Appellant/plaintiff Jerzy Wirth *pro se* appeals from an order of the Court of Common Pleas of Chester County ("trial court"), which sustained Appellees/defendants John R. Seitz, III and Seitz Technical Products, Inc., PC's preliminary objections and dismissed with prejudice Appellant's complaint.  Upon review, we reverse.

On November 6, 2014, Appellant, a Delaware resident, filed a complaint against Appellees John R. Seitz, III, a Chester County (Pennsylvania) resident, and Seitz Technical Products, Inc. PC, a Chester County business, for breach of contract, seeking, among other things, $251,837.70 in damages.  Appellees were served with the complaint in Chester County.  On February 4, 2015, Appellees filed preliminary objections under Pa.R.C.P. No. 1028(a)(1), asserting improper venue.  In support of

their preliminary objections, Appellees argued only that, pursuant to an agreement dated February 4, 2011 and titled "Amendment to the below copies of Agreement of December 18, 2010" (2011 Agreement), "the laws of Delaware shall govern this business dispute."[1] Appellees' Preliminary Objection, 2/4/15, at ¶¶ 14-16. In other words, Appellees relied on a choice of law provision of the 2011 Agreement to argue that venue was improper in Chester County. On March 3, 2015, the trial court sustained Appellees' preliminary objections and dismissed with prejudice Appellant's complaint. Appellant appealed to this Court.

On appeal,[2] Appellant argues only that the trial court erred in sustaining Appellees' preliminary objections. Specifically, Appellant argues that, under the express language of the 2011 Agreement, he was not prohibited from bringing the breach of contract action in Chester County, Pennsylvania. We agree.

Because the issue *sub judice* is one of contract interpretation, we note that our standard of review regarding contract interpretation is well-settled. "Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation." ***Ragnar Benson, Inc. v. Hempfield Township Municipal Authority***, 916 A.2d 1183, 1188 (Pa. Super. 2007)

---

[1] We observe that Appellees failed to challenge venue under either Pa.R.C.P. No. 1006 or Pa.R.C.P. No. 2179.

[2] Appellees failed to file a brief in the instant matter.

(citing **Stamerro v. Stamerro**, 889 A.2d 1251, 1257 (Pa. Super. 2005)).

"Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as [the appellate] court may review the entire record in making its decision." **Id.**

Our Supreme Court has set forth the principles governing contract interpretation as follows:

> The fundamental rule in contract interpretation is to ascertain the intent of the contracting parties. In cases of a written contract, the intent of the parties is the writing itself. When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself. When, however, an ambiguity exists, parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is patent, created by the language of the instrument, or latent, created by extrinsic or collateral circumstances. A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. While unambiguous contracts are interpreted by the court as a matter of law, ambiguous writings are interpreted by the finder of fact.

**Ins. Adjustment Bureau, Inc., v. Allstate Ins. Co.**, 905 A.2d 462, 469 (Pa. 2006) (citations omitted).

Instantly, the provision of the 2011 Agreement, upon which Appellees predicated their preliminary objections based on improper venue, provides in part:

> The undersigned do hereby authorize and empower any Justice of the Peace of Delaware **or elsewhere**, without process, in the event of default, to enter judgment, or any Clerk, Prothonotary, or Attorney of any Court of Record in Delaware, **or elsewhere**, without process, to appear for them and to confess judgment in the Superior Court of the State of Delaware or any other Court of Record in Delaware **or elsewhere** on the above obligation with legal interest, together with the greater of: 1) all collection, administrative and/or legal fees, or 2) twenty percent (20%) of the amount of debt and interest as collection, administrative and/or legal fees, without process against their heirs, personal

representatives, executors, administrators or assigns, at the suit of the holder of this Note, their successors or assigns, at any time, with stay of execution until day of payment; and they do waive the benefit of any and all exemption laws of the State of Delaware **or elsewhere**. And the maker and endorser hereby waives demand, protest and notice of non-payment hereof. All to the benefit of [Airborn LLC] only. All Parties acknowledge the severe terms of this Business Agreement, and freely enter into this Agreement. All Parties agree that this Agreement is not usurious, unlawful, predatory, or excessive, and agree that no claims to such conditions will be used as a defense for nonpayment or noncompliance of this Agreement, and that **the laws of Delaware shall govern this Business transaction**.

2011 Agreement, 2/4/11 (emphasis added). Upon review of the 2011 Agreement, we conclude that the above-quoted provision does not bar Appellant from initiating the instant breach of contract action in Chester County. In fact, the 2011 Agreement is silent as to where venue properly lies with respect to a breach of contract action.[3] Although we agree with Appellees' argument that Delaware law governs disputes arising out of the 2011 Agreement, we must conclude that the choice of law provision has no bearing on whether Chester County is a proper venue. Thus, based on our determination that the 2011 Agreement does not bar Appellant from bringing a breach of contract action in Chester County, the trial court erred in concluding that venue here was improper to entertain Appellant's breach of contract action. Accordingly, we reverse the trial court's order sustaining Appellees' preliminary objections based on improper venue and remand this matter to the trial court for further proceedings.

---

[3] The 2011 Agreement addresses venue only in the context of confessions of judgment and does not limit it to Delaware.

Order reversed.  Case remanded.  Jurisdiction relinquished. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2015